IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COREY NOVICK, | ) | FILED: JUNE 30, 2008 |
| | ) | 08CV3733 |
| Plaintiff, | ) | JUDGE ANDERSEN |
| | ) | MAGISTRATE JUDGE NOLAN |
| v. | ) No. | TG |
| | ) | |
| ROBIN STAGGERS and VICTOR ROBERSON, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.　　This is an action for the violation of the plaintiff's constitutionally protected rights under the First Amendment, and the Equal Protection Clause, the Illinois State Officials and Employees Ethics Act which includes Whistle Blower Protection, 5 ILCS 430/15-5 et seq., the Whistleblower Act, 740 ILCS 174/1, and retaliatory discharge. Corey Novick is an attorney that was hired for a four year term by the Department of Children & Family Services ("DCFS"). Novick's job performance was excellent. During the term of his employment, Novick was questioned by the FBI regarding the State's illegal hiring practices. Novick answered the questions posed by federal authorities. Defendants Robin Staggers and Victor Roberson ended Novick's employment because of his cooperation and truthful statements with the federal probe into illegal hiring.

### A. PARTIES

2.　　Corey Novick is a resident of Chicago, Illinois and is an attorney licensed to practice law in Illinois. Mr. Novick was hired by and worked for DCFS from on or before July 1, 2003 through June 30, 2007.

3. At all relevant times, Defendant Robin Staggers ("Staggers") was a State of Illinois employee within DCFS. Staggers held the position of Deputy Director of Human Resources for DCFS. In that position, Staggers was responsible for DCFS's Office of Employee Services ("OES"). OES contained the following Divisions: Personnel, Labor Relations, Recruitment, Classifications and Backgrounds. Staggers is now the Chief of Staff for DCFS. At all relevant times, the defendant was acting under the color of state law and within the scope of her employment with the State of Illinois.

4. At all relevant times, Victor Roberson ("Roberson") was employed by the State of Illinois and assigned to Intergovernmental Affairs ("IGA") within the Governor's Office. Roberson was promoted and is now the head of IGA. At all relevant times, Roberson was acting under color of state law and within the scope of his employment with the State of Illinois.

## B. VENUE AND JURISDICTION

5. This action seeks damages against the individual defendants for committing acts, under color of law, which deprived Plaintiff of his rights secured under the Constitution and laws of the United States. The Court has jurisdiction of this action based on the existence of a federal question pursuant to 42 U.S.C. § 1331, § 1983 and § 1343. Plaintiff further invokes the supplemental jurisdiction of this Honorable Court under 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391. Venue is proper in this Court because acts alleged in this complaint occurred in this judicial district and the parties reside and/or do business in this judicial district.

## C. **FACTS COMMON TO ALL COUNTS**

7.  Novick was hired with an effective date on or about July 1, 2003. Novick was appointed to a four year renewable term.

8.  Novick's term expired on or about June 30, 2007.

9.  Novick was hired and assigned to DCFS' Labor Relations Division and reported to Robin Staggers.

10. OES served multiple functions. The Personnel Division was responsible for hiring, promotions, processing transactions (processing job changes into the computer system, etc.). Labor Relations represented DCFS at collective bargaining agreement ("CBA") negotiations, negotiating agreements with the labor union, interpreting the CBA, dealing with maters of employee discipline, responding to grievances, and preparing for arbitrations. Recruitment was responsible for recruiting employees. Classifications wrote and maintained job descriptions. Backgrounds conducted background checks on prospective employees.

11. Novick's job performance was exceptional and he received favorable, if not excellent, evaluations throughout his employment.

12. As his employment progressed, Novick was responsible for two full-time positions.

13. During Novick's employment, various law enforcement agencies investigated the State's hiring practices.

14. Upon information and belief, defendants Staggers and Roberson, *inter alia*, were the subject of a probe into the State's alleged illegal hiring practices.

15. During the course of his employment, Staggers requested that Novick violate <u>Rutan</u> hiring procedures. Novick refused to do so.

16. In or around October 2005, it became public knowledge that an official in the Governor's Administration wore a hidden recording device as part of the federal government's investigation of the State's hiring practices. The defendants, *inter alia*, were publically identified as focuses of the investigation.

17. DCFS received subpoenas for documents regarding hiring.

18. Shortly thereafter, the Director of DCFS, Bryan Samuels, placed Staggers on administrative leave.

19. Agents from the FBI showed up at plaintiff's home and questioned him regarding the State's hiring practices.

20. Novick answered questions from federal officials truthfully and completely.

21. Novick informed the federal officials of various practices that he observed.

22. The defendants were aware that federal authorities interviewed Novick as part of its investigation.

23. After Staggers returned to work, Staggers asked plaintiff to meet to discuss "all the stuff that's been going on." Plaintiff never did so.

24. On or about June 30, 2007, Novick's term of employment ended.

25. At about the same time, the terms of three other DCFS attorneys expired.

26. At various times through December 2007, State officials informed Novick that his contract would be renewed.

27. The State renewed the employment agreements of the three other DCFS attorneys. In fact, two of the attorneys' respective employment agreements were renewed without the

employees missing a day of work. The other DCFS employee had her contract renewed shortly thereafter. These three attorneys did not cooperate with or provide information to the federal investigators.

28. DCFS did not renew plaintiff's employment.

29. Plaintiff's employment was not renewed, because Staggers and Roberson understood he had cooperated with the federal probe into illegal hiring and other practices and provided information regarding the same.

30. Moreover, plaintiff's performance had been as good as or better than the three employees whose employment was renewed.

31. Defendants Staggers and Roberson prevented plaintiff's employment contract from renewing.

32. The defendants blocked such renewal because of his statements to the federal investigators.

33. Plaintiff attempted to get his contract renewed from July 2007 through December 2007. In early December 2007, Roberson informed plaintiff that he should be able to get plaintiff back on the State payroll. During their conversation, Roberson asked plaintiff questions about the federal investigation.

34. Plaintiff has not been rehired.

## COUNT I

### VIOLATION OF THE FIRST AMENDMENT – SECTION 1983
### (AGAINST STAGGERS AND ROBERSON)

35. Plaintiff adopts and incorporates paragraphs 1 through 34 as if fully restated herein.

36. Novick engaged in speech on a matter of public concern – DCFS's illegal hiring

5

practices.

37. The subject speech is constitutionally protected.

38. The defendants took adverse action against plaintiff because of the subject speech. The defendants were acting, under the color of state law, in their capacity as state employees.

39. Novick's speech played a substantial part in the defendants' decision to take an adverse employment action against him.

40. The defendants had no legitimate interest in refusing to renew Novick's employment and did so because of the subject speech.

41. Novick's employment would have been continued had he not cooperated with and provided information to the federal authorities.

42. Plaintiff is therefore entitled to compensatory damages, punitive damages, costs and his attorney's fees.

WHEREFORE, plaintiff Corey Novick requests entry of judgment against Defendants Robin Staggers and Victor Roberson for compensatory damages, including back pay with interest, in an amount that will fairly and adequately compensate him for his injuries, and further demands judgment against the defendants for punitive damages, plus attorney's fees, costs and such other relief as the Court deems just and equitable.

## COUNT II

**VIOLATION OF THE EQUAL PROTECTION CLAUSE – SECTION 1983
(AGAINST STAGGERS AND ROBERSON)**

43. Plaintiff adopts and incorporates paragraphs 1 through 42 as if fully restated herein.

44. Novick is a member of a protected class based on his cooperation with, and statements to, the federal authorities in the investigation into illegal hiring practices. Thus, the

6

protected class consists of employees that provided information to federal authorities regarding illegal hiring practices.

45. Novick is similarly situated to members of the unprotected class: employees that did not provide information in the federal probe regarding illegal hiring practices.

46. Four attorneys employed by DCFS, including the plaintiff, had their respective terms of employment end on or about July 1, 2007. Of the four employees, plaintiff was the only employee that provided information of illegal hiring practices in connection with the federal probe.

47. The defendants renewed or continued the employment of each and every employee except for the plaintiff.

48. Plaintiff was treated differently than members of the unprotected class.

49. Plaintiff's performance met legitimate expectations. In fact, the plaintiff's performance matched or exceeded the performance of the three employees whose contracts were renewed.

50. Despite his excellent job performance, the defendants subjected the plaintiff to an adverse employment action, in that they refused to renew his employment.

51. The defendants treated similarly situated individuals outside of the protected class more favorably than the plaintiff.

52. The defendants did not renew plaintiff's employment because he cooperated with the federal probe. The defendant intentionally treated the plaintiff differently than the other similarly situated employees and no basis existed for the difference in treatment except for plaintiff's exercise of his First Amendment Rights.

WHEREFORE, plaintiff Corey Novick requests entry of judgment against Defendants Robin Staggers and Victor Roberson for compensatory damages in an amount that will fairly and adequately compensate him for his injuries, and further demands judgment against the defendants for punitive damages, plus attorney's fees, costs and such other relief as the Court deems just and equitable.

## COUNT III

### VIOLATION OF THE ILLINOIS STATE OFFICIALS AND EMPLOYEES ETHICS ACT WHISTLE BLOWER PROTECTION, 5 ILCS 430/15-5 ET SEQ. (AGAINST STAGGERS AND ROBERSON)

53.   Plaintiff adopts and incorporates paragraphs 1 through 52 as if fully restated herein.

54.   There was in force and effect a statute known as the State Officials and Employees Ethics Act which includes "Whistle Blower Protection" at 5 ILCS 430/15-5.

55.   The Act provides in relevant part:

> Protected activity. An officer, a member, a State employee, or a state agency shall not take any retaliatory action against a State employee because the State employee does any of the following:
>
> (1)   Discloses or threatens to disclose to a supervisor or to a public body an activity, policy or practice of any officer, member, State agency, or other State employee that the State employee reasonably believes is in violation of a law, rule, or regulation.
>
> (2)   Provides information to or testifies before any public body conducting an investigation, hearing or inquiry into any violation of a law, rule or regulation by any officer, member, State agency, or other employee.
>
> (3)   Assists or participate in a proceeding to enforce the provisions of this Act.

8

56. The remedies provided under the Act include the following:

The State employee may be awarded all remedies necessary to make the State employee whole and to prevent future violation of this Article.

    (a) Reinstatement of the employee to either the same position held before the retaliatory action or to an equivalent position;

    (b) 2 times the amount of back pay;

    (c) Interest on the back pay;

    (d) The Reinstatement of full fringe benefits and seniority rights; and

    (e) The payment of reasonable costs and attorneys' fees.

57. Defendants knew that the plaintiff was interviewed by federal authorities regarding illegal hiring practices. The defendants further knew that plaintiff provided information regarding the same.

58. The plaintiff's conduct constitutes protected activity pursuant to 5 ILCS 430/15-10.

59. Defendants, in violation of the Whistle Blower Protection of the Sate Officials and Employees Ethics Act, caused plaintiff's employment to be terminated and/or not renewed due to his reporting of unlawful conduct as set forth above.

60. Defendants Staggers and Roberson retaliated against the plaintiff because of his cooperation with federal authorities.

61. Plaintiff's cooperation with the federal probe was a contributing factor in the defendants' retaliatory conduct.

62. Plaintiff, therefore, is entitled to the remedies identified above.

WHEREFORE, plaintiff Corey Novick requests entry of judgment against the Defendants for compensatory damages in an amount that will fairly and adequately compensate him for his injuries, including: (a) reinstatement to either the same position held before the retaliatory action or to an equivalent position; (b) two times the amount of back pay; (c) interest on the back pay; (d) reinstatement of full fringe benefits and seniority rights; (e) reasonable costs and attorneys' fees; and (f) and such other relief as the Court deems just and equitable.

## COUNT IV

### VIOLATION OF THE WHISTLEBLOWER ACT 740 ILCS 174/1
### (AGAINST ALL DEFENDANTS)

63. Plaintiff adopts and incorporates paragraphs 1 through 62 as if fully restated herein.

64. There was in force and effect a statute known as the "Whistleblower Act" at 740 ILCS 174/1.

65. The Act provides in relevant part that the "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of State or federal law, rule or regulation." 740 ILCS 174/15.

66. Defendants Staggers and Roberson retaliated against the plaintiff because of his cooperation with federal authorities investigating illegal hiring practices.

67. Plaintiff's cooperation with the federal probe was a contributing factor in the defendants' retaliatory conduct.

68. Plaintiff reasonably believed the information disclosed to constitute a violation of State or federal law, rule or regulation.

69.　　Plaintiff is entitled to damages as provided for in 740 ILCS 174/30.

WHEREFORE, plaintiff Corey Novick requests entry of judgment against the Defendants, and for an award of compensatory damages and other relief including: (a) reinstatement with the same seniority status; (b) back pay with interest; (c) compensation for any other damages sustained as a result of the violation, including litigation costs, expert witness fees and reasonable attorneys' fees and (d) and such other relief as the Court deems just and equitable.

## COUNT V

### RETALIATORY DISCHARGE
### (AGAINST STAGGERS AND ROBERSON)

70.　　Plaintiff adopts and incorporates paragraphs 1 through 69 as if fully restated herein.

71.　　The plaintiff was discharged.

72.　　The discharge was in retaliation for his cooperation with the federal probe.

73.　　 The discharge violates public policy.

74.　　There is a clear public policy favoring investigation and prosecution of illegal hiring practices. Public policy favors the exposure of crime, and the cooperation of citizens possessing knowledge thereof is essential to effective implementation of that policy.

75.　　Reporting wrongdoing within a public entity is a matter of public concern.

76.　　Plaintiff's termination violates public policy.

WHEREFORE, plaintiff Corey Novick requests entry of judgment against Defendants Victor Roberson and Robin Staggers, and for an award of compensatory damages and such other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by jury.

                                          Respectfully submitted,

                                          Corey Novick,

                                          By: <u>s/Mitchell B. Katten</u>
                                                One of his Attorneys

Mitchell B. Katten
Nancy A. Temple
Joshua R. Diller
Katten & Temple, LLP
542 S. Dearborn, Suite 1310
Chicago, Illinois 60605
(312) 663-0800