# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3733 | **DATE** | 12/28/2012 |
| **CASE TITLE** | Novick vs. Staggers, et al. | | |

**DOCKET ENTRY TEXT**

Before the Court are Defendants' motions for award of their bills of costs. For the following reasons, Defendant Roberson's motion is granted in its entirety and he is awarded $504 in costs. Defendant Staggers motion is granted in part; she is awarded $6,820.45.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff Corey Novick alleged First Amendment retaliation and violation of the Illinois State Officials and Employees Ethics Act. On June 19, 2012, this Court granted summary judgment for Defendants Robin Staggers and Victor Roberson. On July 6, 2012, Defendant Robin Staggers filed her bill of costs. On July 16, 2012, Plaintiff timely filed notice of a motion for reconsideration of summary judgment. Plaintiff also objected to some of Staggers' costs and asked that a ruling on costs be deferred until the Court ruled on the motion for reconsideration. On July 18, 2012, Defendant Roberson timely filed his bill of costs. Plaintiff filed no opposition to Roberson's bill of costs. On December 20, 2012, this Court denied the motion for reconsideration.

Staggers seeks $8,426.74 in original transcript and transcript copy costs and $186.30 in court document copying costs for a total of $8,613.04. Plaintiff objects that Staggers has exceeded the court-ordered maximum of $.90 per page for copies of eight transcripts and exceeded the maximum $3.65 per page in original transcript costs for one transcript.

Roberson seeks $504 in original transcript and transcript copy costs. Plaintiff does not object.

### I. LEGAL STANDARD

While Federal Rule of Civil Procedure 54(d) provides a strong presumption that the prevailing party will recover costs, the 'court must review a proposed bill of costs 'in scrupulous detail.'" *Shah v. Vill. of Hoffman Estates*, No. 00 C 4404, 2003 U.S. Dist. LEXIS 14135, at *1 (N.D. Ill. Aug. 14, 2003). The losing party has the burden of showing that the claimed costs are not appropriate. *Id.*

### II. ANALYSIS

Defendant Roberson has submitted appropriate invoices for his costs in question and reduced the amount

| STATEMENT |
|---|

charged to comply with the maximum original transcript costs of $3.65 per page and transcript copy costs of $.90 per page allowed in this District. *See Sommerfield v. City of Chicago*, 2012 U.S. Dist. LEXIS 155720, at *11 (N.D. Ill. Oct. 31, 2012); U.S. Dist. Court N.D. Ill. General Order 12-0003 (Jan. 26, 2012) (J. Holderman). Finding Roberson a prevailing party and his claimed costs reasonable, the Court grants his bill of costs of $504.

However, Defendant Staggers has not adhered to the maximum costs allowed, and has exceeded them beyond even the extent claimed by Plaintiff. For instance, Staggers billed $1,394.50 for Part I of Corey Novick's transcript (335 pages). Plaintiff likely didn't object because the raw transcript charge was $1,072, which is within the limit of $1,222.75. However, Staggers also billed for the appearance fee of $322.50. But this Court has noted before that appearance fees that push a transcript past the $3.65 per page limit are not chargeable. *See Sommerfield*, *supra*. Accordingly, $171.75 is deducted ($1,394.50 - $1,222.75 = $171.75).

Following the same methodology, $85.95 is reduced from the billed cost for Novick's Part II deposition. ($958.30 - $872.35 = $85.95).

The Court has examined each of Plaintiff's proposed reductions for exceeding the copy rates and original transcript rates on an additional nine transcripts and found proposed reductions accurate. Additionally, Defendant did not contest these proposed reductions.

The Court therefore grants the proposed reductions of $1,534.89 and makes additional reductions of $171.75 for the Novick Part I deposition and $85.95 for the Novick Part II deposition, for a total reduction of $1,792.59 in transcript costs. The Court therefore grants a reduced $6634.15 in transcript costs. ($8,426.74 - $1,792.59 = $6,634.15)

The Court finds Staggers charges for in-house photocopies of courtesy copies appropriate and grants the $186.30 for that category in its entirety.

The Court grants Staggers a total reduced bill of costs of $6,820.45.